HEATHER E. WILLIAMS, CA Bar #122664
Federal Defender
LISA N. LUMEYA, DC BN # 90017392
Assistant Federal Defender
Office of the Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA 93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950

Counsel for Defendant
JOHN A. O'BRIEN

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN ANTHONY O'BRIEN,<br><br>Defendant. | Case No. 6:25-mj-00015-HBK<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**<br><br>Date: August 27, 2025<br>Judge: Hon. Helena Barch-Kuchta |

**TO: COUNSEL FOR PLAINTIFF; UNITED STATES ATTORNEY, ERIC GRANT, ASSISTANT UNITED STATES ATTORNEY, ARIN HEINZ, ACTING YOSEMITE LAW ENFORCEMENT SPECIALIST, BRIANA VOLLMER:**

**PLEASE TAKE NOTICE** that John Anthony O'Brien, by and through undersigned counsel, hereby moves this Court for an order dismissing the Criminal Complaint.

**MOTION**

John Anthony O'Brien, by and through his counsel of record, hereby moves this Court for an order dismissing the sole count of the Complaint, charging Mr. O'Brien with a violation of 36 C.F.R. § 2.35(c), on the ground that the conduct alleged in the Complaint falls outside the scope of the statute. This motion is made pursuant to Federal Rule of Criminal Procedure 12(b), Eastern

District of California Local Rule Crim. 430.1, and such other statutory and constitutional rules as may be applicable. The defense is not requesting an evidentiary hearing as this Motion may be decided as a matter of law based on the facts set forth in the Criminal Complaint.

This motion is based upon the instant Notice of Motion, Motion, the accompanying Memorandum of Points and Authorities, the files and records in the above-entitled case, and any and all other information that may be brought to the Court's attention before or during any hearing on this Motion.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: August 27, 2025

*/s/ Lisa Ndembu Lumeya*
LISA N. LUMEYA
Assistant Federal Defender
Attorney for Defendant
JOHN A. O'BRIEN

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF FACTS[1]

On April 28, 2025, at about 7:30 p.m., rangers in Yosemite National Park received a call regarding an "unresponsive" individual sleeping in the back of a Yosemite Shuttle Bus. ECF No. 1, Compl. ¶ 6. Five rangers reported to the scene, and Ranger Michael Terry was the first to find Mr. John O'Brien sleeping on the shuttle bus. *See id.* ¶ 7. Ranger Terry woke Mr. O'Brien up by shaking his shoulder, *id.* ¶ 6, and rangers proceeded to question him, *see id.* ¶¶ 7, 9. The rangers requested identification, and Mr. O'Brien produced what seemed like work-related identification, as well as his driver's license when specifically directed. *Id.* ¶ 7. Mr. O'Brien also informed rangers that he lived in a dorm in Yosemite National Park. *Id.* ¶ 11.

Mr. O'Brien was dressed in shorts and a jacket. *Id.* ¶ 10. The rangers noted he smelled like alcohol; confirmed he had been drinking; was unsteady when escorted out of the shuttle; and advised, in part, that he planned to visit Degnan's Kitchen and have a drink. *See id.* ¶¶ 7–9, 11. While walking Mr. O'Brien out of the shuttle bus, they also noted each time he put his hands in his pockets. *Id.* ¶¶ 7–11. As clarified, however, Mr. O'Brien consented at least twice to a search which Ranger Philip Schulz completed without finding any noteworthy property. *Id.* ¶ 10.

Rangers formally placed Mr. O'Brien under arrest and charged him with being under the influence of alcohol to a degree that he was a danger to himself, others, property or Park resources in violation 36 C.F.R. § 2.35(c). He did not have any substances on his person, and at no point during the arrest did the rangers conduct a breath-based blood alcohol screening or administer standard field sobriety tests.

### II. LEGAL STANDARD

Pursuant to Federal Rule of Criminal Procedure 12(b)(1), "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." *See United States v. Reynolds*, Case No. 1:16-CV-0081-LJO-SKO, 2018 WL 1071303, at *1 (E.D.

---

[1] Having reviewed the body worn camera footage, the defense does not believe the facts outlined in the Complaint are fully accurate and complete. For the purposes of this motion, however, the defense accepts the facts alleged as true.

Cal. Feb. 23, 2018) (unpublished) ("A pretrial motion to dismiss a criminal case is appropriate when it involves questions of law rather than fact.").

As such, a charge is subject to dismissal when the defense asserted may be decided as a matter of law and without a trial on the general issue. *See United States v. Schafer*, 625 F.3d 629, 635 (9th Cir. 2010); *United States v. Shoebridge*, 46 F. Supp. 3d 932, 933 (D. Ariz. 2014) ("A charge in a complaint may be dismissed if it is subject to a defense that may be decided solely on issues of law").

## III. ARGUMENT

Mr. O'Brien's alleged intoxication fails to rise to the level of a specified danger as required by law. Under 36 C.F.R. § 2.35(c), "[p]resence in a park area when under the influence of alcohol or a controlled substance to a degree that may endanger oneself or another person, or damage property or park resources, is prohibited." As explained by the Ninth Circuit, the "evident purpose of this regulation is to *prohibit the creation of unreasonable and unnecessary risks* in federal park lands." *United States v. Hogue*, 752 F.2d 1503, 1504 (9th Cir. 1985) (emphases added). Far from a catch-all regulation covering all conduct by an individual acting under the influence of alcohol or a controlled substance, however, the plain text of 36 C.F.R. § 2.35(c) requires a specified risk of potential danger. *See United States v. Nature*, 898 F.3d 1022, 1023 (9th Cir. 2018) ("We refer to it as the dangerous-drinking prohibition.").

The importance of the danger element is demonstrated in *United States v. Nyemaster*. 116 F.3d 827 (9th Cir. 1997) (reversing a conviction under 36 C.F.R. § 2.35(c) due to insufficient evidence). In *Nyemaster*, a law enforcement ranger found the defendant asleep in the driver's seat of his vehicle around 2:45 p.m. on a cold day in January with "spitting snow." *Id.* at 828. The first ranger on the scene had to knock four times to wake him and the district court found Mr. Nyemaster was "passed out[,]" Government Answering Brief at 5, *United States v. Nyemaster*, No. 96-5038 (Ninth Circuit), ECF No. 5, 1996 WL 34422921 (citing the district court's findings). It took Mr. Nyemaster about two minutes to find his identification in his wallet, and he showed the ranger a gin bottle that was about three-fourths empty when admitting he had been drinking. 116

F.3d at 828. His car keys were in his pocket, and both arresting rangers noted a "strong smell of alcohol[,]" slurred speech, and bloodshot eyes. *Id.*

In reversing the conviction on appeal, the Ninth Circuit unanimously found the record insufficient to show Mr. Nyemaster was under the influence such that he posed the required risk of danger. *Id.* at 828–29 (rejecting the government's argument that the appellant posed a danger because he could "drive away, drown in the river that was 20 yards away, or have difficulty crossing a nearby road[]").

This was unlike the Ninth Circuit's earlier decision in *Hogue*, where the defendant was parked in a remote area of the national park while under the influence of alcohol and the facts indicate she may also have driven her vehicle while under the influence. *See* 752 F.2d at 1504–05 (explaining the defendant parked her vehicle to "sleep off the effects" of alcohol before law enforcement approached her around 10:45 p.m. that same day). Rangers found twelve empty beer cans in her car—two of which were in the front of the car. *Id.* at 1504. In addition to being parked outside of a designated campground, Ms. Hogue was alone at night in a remote area with her car window open. *Id.* at 1504–05 (noting her lack of camping equipment and attire). And given her remote location, the Court found "her only means of escape from danger was her automobile, which she was in no condition to drive." *Id.* at 1505.

The allegations here show a far lower risk of danger than in *Nyemaster*. Mr. O'Brien was found asleep after having used public transportation. Thus, he had no ability to drive while under the influence. The defendant in *Nyemaster* was found with a nearly empty bottle of gin, 116 F.3d at 828; the five rangers arresting Mr. O'Brien did not note a single container of alcohol—open or unopened—nor did they report Mr. O'Brien's blood alcohol content or field sobriety test findings. A finding of danger on these facts would be flatly inconsistent with *Nyemaster*.

Moreover, in addition to being an employee living in Yosemite National Park, Mr. O'Brien's location on the bus shows he was not vulnerable to the same dangers as the defendant in *Hogue* who was parked in a remote area of a national park, 752 F.2d at 1504.

General observations of impairment and alleged statements alone are insufficient

to satisfy the elements under 36 C.F.R. § 2.35(c). *See Nyemaster*, 116 F.3d at 829. Accepting the facts set forth in the Complaint as true, the government fails to state an offense as there is no indication of a specific danger. The Complaint merely outlines broad allegations of public intoxication. Indeed—that Mr. O'Brien was found "passed out[,]" sleeping in a vehicle, Compl. ¶ 8, is much like the defendant in *Nyemaster*, who the Court also found smelled like alcohol, slurred his words, and failed to instantly find his wallet. *See* 116 F.3d at 828. Under binding Ninth Circuit precedent, such conduct alone is not criminalized under the Code of Federal Regulations.

Furthermore, the Ninth Circuit's decision is also consistent with the agency's intent. The National Park Service ("NPS") received comments discussing a broader prohibition targeting public intoxication when promulgating 36 C.F.R. § 2.35(c):

> Several commenters suggested that this regulation [§ 2.35] be revised to delete the standard that must accompany the prohibition against the presence in a park area when under the influence of alcohol or a controlled substance. The Service has *determined that the standard that prohibits one from being under the influence* of alcohol or controlled substances *"to a degree that may endanger oneself or another person, or damage property or park resources" is required* to ensure Servicewide consistency in the enforcement of this regulation.

48 Fed. Reg. 30252–01, § 2.35 (emphases added). When provided with the opportunity and direct requests to revise the regulation, it is clear the NPS rejected arguments to broaden its scope and criminalize simple public intoxication.[2] This decision underscores the importance of the danger element, and also provides additional clarity as to the NPS's concern regarding consistency in enforcement. Such concern is well placed given the disparities that would be created should courts begin interpreting 36 C.F.R. § 2.35(c) to encompass the alleged conduct.

## IV. CONCLUSION

Given the facts alleged in the Criminal Complaint reference nothing more than general observations of public intoxication, without a specified danger as required under

[2] In explicitly allowing the sale of alcohol within the national park, the National Park Service also declined to "phase out the sale of alcoholic beverages in all park areas" as suggested, because it viewed such action "as being much more restrictive than necessary[.]" 52 Fed. Reg. 10670–01. This further indicates the National Park Service's intent to target conduct involving a more specified level of danger.

36 C.F.R. § 2.35(c), Mr. O'Brien respectfully requests the Court dismiss the sole count of the Complaint as a matter of law.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: August 27, 2025

*/s/ Lisa Ndembu Lumeya*
LISA N. LUMEYA
Assistant Federal Defender
Attorney for Defendant
JOHN A. O'BRIEN