ERIC GRANT
United States Attorney
ARIN C. HEINZ
Assistant United States Attorney
MISDEMEANOR UNIT
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOHN ANTHONY O'BRIEN,<br>Defendant. | Case No. 6:25-MJ-00015-HBK<br><br>OPPOSITION TO DEFENSE MOTION TO DISMISS COMPLAINT |

## I. INTRODUCTION

This Court should deny the Defense Motion to Dismiss ("Dismissal Motion") because whether the Defendant's conduct rose to the level of endangering himself or others under 36 C.F.R. Section 2.35(c) is a question of fact for the factfinder that is not properly resolved in a motion to dismiss. Dkt. 9. Such an inquiry invades the province of the factfinder as it is intertwined with the ultimate finding of guilty or not guilty.

///

///

///

## II. RELEVANT FACTS

1. On April 29, 2025, this Court, after determining there was sufficient probable cause in the supporting affidavit, authorized a Criminal Complaint charging the Defendant with violating 36 C.F.R. Section 2.35(c),[1] a Class B Misdemeanor. Dkt. 1.

2. The Complaint states "this affidavit is intended to show merely that there is sufficient probable cause for the criminal complaint and does not set forth all my knowledge about this matter." Dkt. 1 at ¶ 2. The discovery in this case also includes bodycam evidence and law enforcement reports from responding Rangers that provide additional information about the incident at issue in this case.

## III. ARGUMENT

Federal Rule of Criminal Procedure 12(b)(3) governs a motion to dismiss for failure to state an offense. Such a motion is appropriate if the Court can rule on the "defense, objection, or request . . . without a trial on the merits." Fed. R. Crim. Pro. 12(b)(1). Here, the Dismissal Motion asks the Court to answer the ultimate question: whether the Defendant's conduct was dangerous to himself or others under 36 C.F.R. Section 2.35(c). This inquiry is not appropriate at this stage in the proceedings for several reasons. First, it relies on the minimal facts articulated in the Complaint[2] – a document that only needs to articulate the "essential elements" and meet a probable cause standard to be sufficient. Fed. R. Crim. Pro. 3. Second, such an inquiry would "invade the province of the ultimate finder of fact." *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986) (quoting *United States v. Jones*, 542 F.2d 661, 664 (6th Cir. 1976). Accordingly, this Court should deny the Dismissal Motion.

[1] 36 C.F.R. Section 2.35(c) states "Presence in a park area when under the influence of alcohol or a controlled substance to a degree that may endanger oneself or another person, or damage property or park resources, is prohibited."

[2] The Dismissal Motion appears to challenge the facts in the Complaint as inaccurate considering the bodycam evidence. Dismissal Motion at fn. 1. Nonetheless, the Complaint is sufficient because it outlined the "essential facts constituting the offense charged" and was "made under oath before a magistrate judge." Fed. R. Crim. P. 3. Further, as the Complaint itself notes, it did not outline every detail about the interaction between the Defendant and Rangers. Dkt. 1 at ¶ 2.

Defendant characterizes the Dismissal Motion as an issue of law when it really is an issue of fact for resolution by the factfinder. *See* Dismissal Motion at 4 (Arguing "Mr. O'Brien's alleged intoxication fails to rise to the level of a specified danger as required by law."). This is clear for several reasons. First, the Dismissal Motion argues the underlying facts in the Complaint are insufficient to establish the elements of the offense, namely the Defendant's intoxication and whether it rose to the level of danger. In reliance of this position, the Defendant points to specific facts from the Complaint and cites to two Ninth Circuit Cases. Dismissal Motion at 4-5 (citing to *United States v. Hogue,* 752 F.2d 1503, 1504 (9th Cir. 1985) and *United States v. Nyemaster*, 116 F.3d 827 (9th Cir. 1997). However, this Court cannot properly assess whether the Defendant's conduct rises to the level of a criminal offense without all of the evidence – including testimony of the responding Rangers and bodycam of the interaction. To ask this Court to find the evidence is insufficient at this stage in the proceeding, based only on the four corners of a probable cause affidavit is therefore misplaced.

After arguing the underlying facts and applying it to Ninth Circuit precedent, the Dismissal Motion concludes that the Criminal Complaint only alleges "general observations of public intoxication, without a specified danger as required under 36 C.F.R. Section 2.35(c)." Dismissal Motion at 6. This is contrary to the Court's finding that the Complaint was supported by probable cause. Not only that, but this conclusion is necessarily intertwined with the ultimate issue of the Defendant's guilt and therefore invades the province of the factfinder. *See e.g. United States v. Schafer*, 625 F.3d 629, 635 (9th Cir. 2010) (affirming district court's finding that the issues raised in the pretrial motion were intertwined with the ultimate issue of guilt and therefore not properly resolved in a pretrial setting); *United States v. Shortt Accountancy Corp*., 785 F.2d 1448, 1452 (9th Cir. 1986). Because the Dismissal Motion asks the Court to usurp the role of the factfinder, it should be denied.

## IV. CONCLUSION

The Complaint outlined the "essential elements" of the offense, established jurisdiction, and was supported by probable cause. Fed. R. Crim. Pro. 3. The Dismissal Motion conflates

factual issues with legal issues to ask for relief that is wholly inappropriate at this stage in the proceedings. Accordingly, the Motion to Dismiss should be denied.

DATED: September 9, 2025

Respectfully submitted,

ERIC GRANT
United States Attorney

By: /s/ *Arin C. Heinz*
ARIN C. HEINZ
Assistant United States Attorney