HEATHER E. WILLIAMS, CA Bar #122664
Federal Defender
LISA N. LUMEYA, DC BN # 90017392
Assistant Federal Defender
Office of the Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA 93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950

Counsel for Defendant
JOHN A. O'BRIEN

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>JOHN ANTHONY O'BRIEN,<br>Defendant. | Case No. 6:25-mj-00015-HBK<br><br>**REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

The question before this Court is whether the government has failed to state an offense in light of the legal standard as explained by the Ninth Circuit. Accepting the facts as true, the Complaint remains devoid of any allegation that could meet the legal standard under *United States v. Nyemaster*. 116 F.3d 827 (9th Cir. 1997). The government's Opposition mischaracterizes the issue as a question of fact. And by ignoring the controlling case law relied upon in the Motion to Dismiss, the government fails to substantively address how the facts alleged could be found to meet the legal elements and sustain a conviction in this case. *See id.* (finding the government lacked sufficient evidence to sustain a conviction under 36 C.F.R. § 2.35(c) when the accused was found asleep in the driver's seat of his vehicle with a nearly empty bottle of gin and showing signs

of intoxication such as slurring his words).

A charge may be subject to dismissal when it involves a question that may be determined as a matter of law without a trial. Fed. R. Crim. Pro. 12(b)(1). Although an initial determination was made in issuing the Complaint based upon the sworn oath of an agent of the federal government—nothing in Federal Rule of Criminal Procedure 3 precludes this Court from now considering the legal arguments and persuasive authorities presented through the adversarial process. *See also United States v. Coiscou*, 793 F. Supp. 2d 680, 684 (S.D.N.Y. 2011) ("This is particularly so because, when the complaint is filed, the criminal process is still in the investigative stage, and the adverse positions of government and defendant have yet to solidify.") (internal citation and quotations omitted). Given the current posture and clear precedent that both clarifies and limits the scope of the legal elements required under 36 C.F.R. § 2.35(c)—and for the reasons further discussed in the Motion to Dismiss—this Court should dismiss the Criminal Complaint as a matter of law.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: September 17, 2025

*<u>/s/ Lisa Ndembu Lumeya</u>*
LISA N. LUMEYA
Assistant Federal Defender
Attorney for Defendant
JOHN A. O'BRIEN