UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.   6:25-mj-00015-HBK-1 |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO DISMISS COMPLAINT |
| v. | (Doc. 9) |
| JOHN ANTHONY O'BRIEN, | |
| Defendant. | |

Before the court is defendant John Anthony O'Brien's motion to dismiss complaint. (Doc. 9).  The government filed an opposition and defendant filed a reply.  (Docs. 10, 11).  As more fully set forth herein, the court concludes the complaint sufficiently alleges a violation of 36 C.F.R. §2.35(c) and denies defendant's motion.

## I. BACKGROUND

Defendant was arrested on April 28, 2025 and charged by criminal complaint with a violation of 36 C.F.R. §2.35(c): presence in the park when under the influence of alcohol or a controlled substance to a degree that may endanger oneself, or another person, or damage property or park resources.  (Doc. 1).  Defendant seeks dismissal of the complaint pursuant to Federal Rule of Criminal Procedure 12(b) "on the ground that the conduct alleged in the complaint falls outside the scope of the statue."  *Id*. at 1.

////

1

## II. APPLICABLE LAW

A pretrial motion to dismiss seeks dismissal on a question of law.  *See United States v. Schulman*, 817 F.2d 1355, 1358 (9th Cir. 1987).  In ruling on such a motion, "the district court is bound by the four corners of the indictment." *United States v. Lyle*, 742 F.3d 434, 436 (9th Cir. 2014); *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) ("On a motion to dismiss an indictment for failure to state an offense the court must accept the truth of the allegations in the indictment in analyzing whether a cognizable offense has been charged.").  The court asks only whether a crime has been alleged.  *United States v. Milovanovic*, 678 F.3d 713, 717 (9th Cir. 2012).  Rule 12 motions cannot be used to determine "general issues of guilt or innocence." *Boren*, 278 F.3d at 914 (citation omitted).

*Supra*, defendant was charged with a violating 36 C.F.R. § 2.35(c).  The essential elements of the regulation require defendant's presence within Yosemite National Park, in a state of intoxication, and in a position of vulnerability to danger.  *See United States v. Regan*, 93 F. Supp. 2d 82, 86 (D. Mass. 2000).

## III. ANALYSIS

The following facts are alleged in the affidavit in support of the complaint.  At 7:30 p.m., dispatch radioed emergency medical services regarding an "unresponsive male in the back of a Yosemite Shuttle Bus." (Doc. 1, ¶ 6).  Defendant was "passed out" on the bus "for approximately and hour and a half." (*Id*. at 6).  The first officer to arrive found defendant "slumped" on the bus seat. (*Id*.).  Defendant responded after he was "shook . . by the shoulder." (*Id*.).  Defendant "smelled heavily of acholic beverages" and, when defendant was questioned about how much he had to drink, he responded, "quite a bit." (*Id*., ¶ 7).  Although Defendant complied with the ranger's requests, he was "slow to respond." (*Id*.).  When standing, Defendant was "shaky and unsteady," and rangers had to place him in an "escort hold" to "keep him on his feet" and get him to the door because he was "swaying" and "walking with an inconsistent gait." (*Id*., ¶ 8).  Once off the bus, rangers had to "assist" defendant and "lean" him "against the push bumper" of the patrol vehicle. (*Id*., ¶ 9).  When questioned again about how much is "quite a bit," defendant responded, "he was just trying to get to the employee pub." (*Id*.).  When asked where his dorm

was, defendant again stated he intended to go to the Denegan's Kitchen, which houses the employee pub.  (*Id*.).

Swaying, walking unsteadily, and smelling of alcohol are suggestive of excessive alcohol consumption.  Being "passed out" indicates a level of intoxication where the person cannot care for their own safety, and being "unresponsive" on public transport (such as a park shuttle) can constitute a safety risk to oneself, other passengers, and the operation of the vehicle.  For instance, an individual who is "passed out" on a bus is vulnerable to crime and susceptible to injury if the bus must swerve or make an abrupt stop.

The complaint therefore sufficiently alleges the essential elements of 36 C.F.R. §2.35(c) and thus cannot be dismissed.  The cases cited by defendant, *United States v. Nyemaster*, 116 F.3d 827, 829 (9th Cir. 1997) and *U.S. v. Hogue,* 752 F.2d 1503 (9th Cir.1985), are distinguishable.  The issue before the Ninth Circuit in each case was whether the evidence was sufficient to support the finding of guilt after trial.  At a Rule 12(b) stage, the question before the court is not one of plaintiff's guilt or innocence, but instead a question of whether the complaint outlines the elements and alleges sufficient facts for this court to find probable cause that defendant has committed the charged offense.  Fed. R. Crim. P. 3.  Whether defendant is guilty of the charged offense is a question of fact reserved for trial and is not proper in a pretrial motion.

Accordingly, it is ORDERED:

1.    Defendant's motion to dismiss complaint (Doc. No. 9) is DENIED.

2.    The court sets this case for a status conference on March 10, 2026 at 10:00 A.M.

Dated:    January 20, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3