HEATHER E. WILLIAMS, CA Bar #122664
Federal Defender
LISA N. LUMEYA, DC BN #90017392
Assistant Federal Defender
Office of the Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA 93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950

Counsel for Defendant
JOHN A. O'BRIEN

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN ANTHONY O'BRIEN,<br><br>Defendant. | Case No. 6:25-mj-00015-HBK<br><br>**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE STATEMENTS OBTAINED IN VIOLATION OF *MIRANDA***<br><br>Date: June 29, 2026<br>Judge: Hon. Helena Barch-Kuchta |

Defendant, John Anthony O'Brien, by and through undersigned counsel submits this motion *in limine* to exclude all statements made by him, or claimed to have been made by him, during law enforcement interrogation in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966).

There is one known instance of interrogation which occurred on April 28, 2025, the date of Mr. O'Brien's arrest in Yosemite National Park. Mr. O'Brien was directed to exit a shuttle bus and stand in front of a marked patrol vehicle; surrounded by multiple armed rangers in uniform; and questioned regarding the underlying elements of the instant offense without ever being advised of his *Miranda* rights. Any statements attributed to Mr. O'Brien pursuant to this custodial interrogation were obtained in violation of his Fifth Amendment rights and must thus be excluded. As such, introduction of this evidence would violate Mr. O'Brien's right to receive a fair trial under

the Fifth Amendment of the United States Constitution.

## FACTUAL BACKGROUND

This Court is familiar with the facts of this case as developed in pleadings for Mr. O'Brien's motion to dismiss. *See* ECF No. 9. The following is a brief synopsis of facts relevant to the Fifth Amendment argument further developed below.

On April 28, 2025, at about 7:30 p.m., National Park Service law enforcement rangers responded to a call regarding Mr. O'Brien who was located in the back of a Yosemite Shuttle Bus in Yosemite National Park. ECF No. 1, Compl. ¶ 6. Mr. O'Brien fell asleep while on the bus, and five rangers ultimately reported to the scene. Ranger Terry was the first to report to the bus and he woke Mr. O'Brien up. *See id.* At least two additional rangers entered the bus, and Mr. O'Brien was asked to produce identification. *See* Exh. A, BWC of Philip Schulz, at 19:39:26.[1] Rangers asked Mr. O'Brien how much alcohol he consumed and later directed him to exit the bus. *See* Exh. A, at 19:39:30.

While walking out of the bus, two of the rangers decided to escort Mr. O'Brien by holding his arms and directing him to their marked patrol vehicle. *See* Exh. A, at 19:40:39. Mr. O'Brien stood in front of the patrol vehicle as ordered, and Ranger Schulz began questioning him about how much alcohol he consumed, what he had done earlier in the day, and where he planned to go. *See* Exh. A, at 19:41:51–19:43:06. At this point, there was at least one ranger standing to Mr. O'Brien's left, two rangers to his right, the patrol vehicle directly behind him, and Ranger Schulz was facing him while asking questions. Exh. A, at 19:43:06. Mr. O'Brien agreed to consent to a search, and Ranger Schulz did not identify any noteworthy property.

After a brief exchange regarding Mr. O'Brien's residence and initial plans, the rangers arrested him for being under the influence of alcohol to a degree that he was a danger to himself, others, property or Park resources in violation 36 C.F.R. § 2.35(c).

[1] All citations to Body-Worn Camera footage references the timestamps located on the upper-right corner of the attached video exhibits.

**LEGAL STANDARD**

The Fifth Amendment protects a person from being compelled to be a witness against himself. U.S. Const. amend. V. When a suspect is subjected to custodial interrogation, the government may not use the defendant's statements against him at trial "unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *Miranda*, 384 U.S. at 444. Under *Miranda* and its progeny, the accused must be advised of the right to remain silent, that any statement he makes may be used as evidence against him, the right to the presence of an attorney, as well as the right to appointment of counsel should he be unable to afford to hire an attorney. *Id.* An individual is owed these rights when law enforcement (1) holds him in custody, and (2) subjects him to express questioning or its functional equivalent. *See Rhode Island v. Innis*, 446 U.S. 291, 297–98 (1980).

"To determine whether an individual was in custody, a court must, after examining all of the circumstances surrounding the interrogation, decide 'whether there was a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest.'" *United States v. Kim*, 292 F.3d 969, 973 (9th Cir. 2002) (quoting *Stansbury v. California*, 511 U.S. 318, 322 (1994)) (alterations adopted). Courts have articulated the applicable inquiry as "whether 'the officers established a setting from which a reasonable person would believe that he or she was not free to leave.'" *Id.* at 973–74 (quoting *United States v. Beraun-Panez*, 812 F.2d 578, 580 (9th Cir. 1987)). In making this determination, courts analyze various factors, including: "(1) the language used to summon the individual; (2) the extent to which the defendant is confronted with evidence of guilt; (3) the physical surroundings of the interrogation; (4) the duration of the detention; and (5) the degree of pressure applied to detain the individual." *Id.* at 974 (quoting *United States v. Hayden*, 260 F.3d 1062, 1066 (9th Cir. 2001)).

**ARGUMENT**

The facts set forth clearly show that Mr. O'Brien was in custody at the time of Ranger Schulz's questions. The rangers at the scene knew, or should have known, that the questions asked were likely to elicit an incriminating response. Mr. O'Brien was thus subjected to custodial interrogation. Because he was never administered the required *Miranda* warnings, Mr. O'Brien

could not have provided knowing, intelligent, and voluntary waiver of his right to remain silent. Therefore, his statements made in response to the custodial interrogation must be suppressed.

Mr. O'Brien was in custody when the rangers seized his government-issued identification, *see* Exh. A, at 19:39:57; and two armed rangers in full uniform held his arms and constrained his movement, walking him away from the bus to their marked vehicle, *see* Exh. A, at 19:40:58. *See United States v. Black*, 707 F.d3d 531, 538 (4th Cir. 2013) (finding the accused was seized under the Fourth Amendment when the officer pinned his identification to his uniform). At a minimum, Mr. O'Brien was restrained such that no reasonable person would feel free to leave when the rangers directed him to stand in a specific place by their marked vehicle, and stood around him. *See* Exh. A, at 19:41:51. After the rangers led him to a specific place in front of their vehicle, they positioned themselves around him. More specifically, there was one ranger on either side of Mr. O'Brien, one ranger in front of him, and the patrol vehicle directly behind him. Exh. A, at 19:42:05. Five armed rangers in uniform responded to the scene. ECF No. 1, Compl. ¶ 7.

While Mr. O'Brien was in custody, rangers questioned him regarding alcohol use, activities in the Park, and his personal circumstances. For the purposes of *Miranda*, "interrogation" does not only refer to "express questioning," but also includes words the "police should know are reasonably likely to elicit an incriminating response from the suspect." *Innis*, 446 U.S. at 301. Here, Ranger Schulz asked Mr. O'Brien several questions relating to his alcohol consumption, and other factors that may have impacted any alleged level of intoxication. *See* Exh. A, at 19:41:51–19:43:07. The fact that rangers found it unnecessary to pursue any medical evaluation—and instead proceeded to search Mr. O'Brien before soon placing him in handcuffs—shows the rangers asked these questions to further their investigation and knew, or should have known, the questions were likely to elicit an incriminating response. Given that Mr. O'Brien had not been *Mirandized*, any statements pursuant to this interrogation must be suppressed.

**<u>CONCLUSION</u>**

For these reasons, Mr. O'Brien respectfully requests that all statements made by him to law enforcement officers be excluded unless they are shown to have been made in accordance with *Miranda*, 384 U.S. at 444.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: June 4, 2026

*/s/ Lisa Ndembu Lumeya*
LISA N. LUMEYA
Assistant Federal Defender
Attorney for Defendant
JOHN A. O'BRIEN