ERIC GRANT
United States Attorney
JOSHUA B. BANISTER
Assistant United States Attorney
MISDEMEANOR UNIT
BRIANA M. VOLLMER
Law Enforcement Specialist (Rule 180)
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorney for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOHN ANTHONY O'BRIEN,<br>Defendant. | CASE NO. 6:25-MJ-00015-HBK<br><br>RESPONSE IN OPPOSITION TO MOTION IN LIMINE<br><br>Judge: Hon. Helena Barch-Kuchta |

The United States, by and through the undersigned Assistant United States Attorneys, respectfully requests this Court to deny the defendant, John Anthony O'Brien's motion in limine as untimely and improper. [1]

## I. Procedural History

On April 29, 2025, the government charged the defendant by complaint with one count of being under the influence of alcohol to a degree to endanger himself or another person, property or park resources, in violation of Title 36 Code of Federal Regulations 2.35(c). ECF No. 1. On April 29, 2025, the defendant made his initial appearance before this Court. ECF No. 3. The Court ordered the government to comply with its discovery obligations and set a status conference for June 17, 2025. ECF

[1] Unless the Court orders otherwise, the government will address the merits of the defendant's motion in its trial brief, which the court ordered is due one week before the start of trial.

Nos. 3-4.

On June 17, 2025, Court held a status conference on the defendant's case. ECF No. 7. The Court confirmed that the government had tendered all discovery and provided a plea offer to the defendant. *Id*. At the request of the defendant, the Court granted his request for a second status conference so the defendant could review the plea offer. *Id*.

On August 12, 2025, Court held a second status conference on the defendant's case. ECF No. 8. Having not reached an agreement on a plea, the government and the defendant requested a briefing schedule from the Court. *Id*. The Court ordered that any motions should be filed by August 27, 2025, responses to filed motions would be due September 10, 2025, and replies would be due by September 17, 2025. *Id*.

The government did not file any motions, but the defendant filed a timely motion to dismiss the complaint. ECF No. 9. The government timely responded in opposition. ECF No. 10. And the defendant timely filed his reply. ECF No. 11. On January 21, 2026, the Court denied the defendant's motion and set a status conference for March 10, 2026. ECF No. 12.

On March 10, 2026, Court held a third status conference on the defendant's case. ECF No. 13. At the hearing, the defendant announced his desire to proceed to trial. *Id*. The Court set a bench trial for June 29, 2026, and ordered that trial briefs were due one week prior to the trial date. *Id*.

On June 5, 2026, the defendant filed the instant motion. ECF No. 15.

## II. Law and Argument

The defendant's single motion in limine is an untimely motion to suppress. Almost a year ago, at the request of the parties, the Court provided a briefing schedule for the parties to identify any pre-trial issues. The defendant filed a motion to dismiss premised on an unrelated issue. Despite another status conference in March of this year, the defendant still did not raise the issue suppressing evidence. The defendant has been aware of the evidence he seeks to suppress for over a year.

The styling of the defendant's motion as an in limine masks its untimeliness. "The term 'in limine' means 'at the outset.' (citation omitted). A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). "Because the judge rules on this evidentiary motion, in the case of a bench trial, a threshold

ruling is generally superfluous. It would be, in effect, 'coals to Newcastle,' asking the judge to rule in advance on prejudicial evidence so that the judge would not hear the evidence." *Id.* at 1112. While a pre-trial evidentiary ruling may, in some instances, be appropriate for logistical reasons, a bench trial moots any need for an advance ruling on such issues. *Id.* "While the view has been expressed that the trial court in a bench trial may make use of a motion in limine to exclude inadmissible evidence, the use of a motion in limine to exclude evidence in a case tried by the court without a jury has been disapproved on the grounds that it can serve no useful purpose in a nonjury case." 75 AM. JUR. 2D Trial § 43 (2025); see also *Cramer v. Sabine Transp. Co.*, 141 F. Supp. 2d 727, 733 (S.D. Tex. 2001) ([T]his is a bench trial, making any motion in limine asinine on its face. Motions in limine are intended to prevent allegedly prejudicial evidence from being so much as whispered before a jury prior to obtaining the Court's permission to broach the topic. In a bench trial, such procedures are unnecessary, as the Court can and does readily exclude from its consideration inappropriate evidence of whatever ilk.")

The defendant's motion as an in limine makes no sense because the Court, the trier of fact as this case will be before the Court as a bench trial, would have to consider the evidence the defendant seeks to suppress to determine its admissibility. The defendant did not point to any new information that could explain the motion's tardiness. Therefore, the defendant's motion is improper.

**III. Conclusion**

Because the defendant's motion was almost a year after the briefing schedule prescribed by the court and because a motion in limine is improper, the Court should deny the motion.

Dated: June 9, 2026

ERIC GRANT
United States Attorney

By: /s/ JOSHUA B. BANISTER

/s/ Briana M. Vollmer
BRIANA M. VOLLMER
Law Enforcement Specialist (Rule 180)