HEATHER E. WILLIAMS, CA Bar #122664
Federal Defender
LISA N. LUMEYA, DC BN #90017392
Assistant Federal Defender
Office of the Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA 93721-2226
Telephone: (559) 487-5561

Counsel for Defendant
JOHN A. O'BRIEN

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>JOHN ANTHONY O'BRIEN,<br>Defendant. | Case No. 6:25-mj-00015-HBK<br>**REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE STATEMENTS OBTAINED IN VIOLATION OF *MIRANDA*** |

Defendant John A. O'Brien hereby files his reply to the government's opposition to his motion *in limine* to exclude all statements made by him, or claimed to have been made by him, during law enforcement interrogation in violation of *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). The government's brief fails to cite any binding authority setting a procedural bar to Mr. O'Brien's motion, and because he was subjected to custodial interrogation without receiving the *Miranda* advisement, the contested statements must be excluded.

//

//

**1. <u>A Motion in Limine is a Proper Vehicle to Seek Exclusion of Unlawfully Obtained Statements Pretrial.</u>**

Whether the government obtained evidence in violation of the Fifth Amendment to the United States Constitution is a threshold determination critical to deciding admissibility. *See Doody v. Ryan*, 649 F.3d 986, 1002 (9th Cir. 2011) (en banc).

The government relies on *United States v. Heller*, 551 F.3d 1108 (9th Cir. 2009), but cites no precedent establishing that Mr. O'Brien is barred from raising the constitutional challenge through a motion *in limine*. In *Heller*, the Ninth Circuit found that while "pretrial evidentiary motions may be appropriate in some cases[,]" it was not in that particular case. *Id.* at 1112. There, the defendant sought to preclude reference to a prior relationship and conviction under the Federal Rules of Evidence through a motion *in limine* before later waiving his right to a jury trial. *Id.* at 1111. More specifically, the defendant argued (1) his criminal history was irrelevant under Rules 401 and 402; (2) that even if the district court in the District of Montana found the information relevant, it failed the Rule 403 balancing test given the evidence would be more prejudicial than probative; and (3) the convictions were inadmissible pursuant to Rule 609. *See United States v. Heller*, 6:07-cr-00002-CCL, ECF No. 19, at 2, Defendant's Motion *in Limine*.

The arguments raised in the motion *in limine* in *Heller* centered on the issue of relevance, and the defendant argued the contested evidence would confuse the jury if admitted. *Id.* at 3. While the government did not respond to the motion *in limine*, it did discuss the motion's relevance on the record once the case was converted to a bench trial. *Heller*, 551 F.3d at 1111. In considering the type of evidence the defendant sought to preclude, and in view of the procedural history, the Ninth Circuit ultimately found there was no need for an advance ruling based on that record. *Id.* at 1112.

Unlike in *Heller*, Mr. O'Brien seeks to exclude inadmissible statements made in violation of the Fifth Amendment. The issue here is not whether his statements are irrelevant and admitting them would confuse the fact finder like in *Heller*. Instead, the issue is whether his statements were illegally obtained and cannot be relied upon by the fact finder as proper evidence in the government's case-in-chief. Arguments seeking the exclusion of evidence obtained in violation

of critical protections within the criminal context may be raised through a motion *in limine*. *See, e.g.*, *United States v. Kopankov*, No. 19-CR-00178-JSC-1, 2023 WL 3182949, at *6 (N.D. Cal. May 1, 2023) (ruling on motions *in limine* to exclude statements contested under *Miranda*); *United States v. Amador*, No. 1:18-CR-00207-NONE-SKO, 2021 WL 3912266, at *1-4 (E.D. Cal. Sept. 1, 2021) (same); *United States v. Fox*, No. 23-CR-227-NGG, 2025 WL 2147974, at *4-5 (E.D.N.Y. July 29, 2025) (same).

The government's suggestion that a bench trial renders a motion *in limine* improper simply because the Court is the fact finder lacks merit since the same argument would apply to a motion to suppress. In either instance, the Court must consider the contested evidence to determine its admissibility. And judges routinely identify and separate impermissible evidence when presiding over bench trials. *See Harris v. Rivera*, 454 U.S. 339, 346 (1981) ("In bench trials, judges routinely hear inadmissible evidence that they are presumed to ignore when making decisions.").

Mr. O'Brien's *Miranda* rights do not hinge on whether he has the right to a jury or a bench trial, and seeking the exclusion of unlawfully obtained evidence is best determined pretrial in either context. Such determinations are critical to ensure a fair proceeding. *Cf. Lego v. Twomey*, 404 U.S. 477, 478 (1972) ("In 1964 this Court held that a criminal defendant who challenges the voluntariness of a confession made to officials and sought to be used against him at his trial has a due process right to a reliable determination that the confession was in fact voluntarily given and not the outcome of coercion which the Constitution forbids."); *Jackson v. Denno*, 378 U.S. 368, 376-77 (1964) (finding the defendant was entitled to a hearing or new trial because his conviction may have been based on an involuntary confession and in violation of due process).

**2. Mr. O'Brien's Motion *in Limine* is Timely and the Government Has Waived Response to the Merits.**

The government incorrectly argues Mr. O'Brien's motion is untimely. Although the parties previously requested a briefing schedule for the motion to dismiss, no trial confirmation hearing or pretrial order was issued following the denial of the motion to dismiss.[1]

[1] Notably, the government subsequently provided untimely discovery several months later on June 8, 2026, and June 9, 2026. In doing so, the government produced three additional body-worn camera videos with

The government remains silent as to the constitutional issue, providing no substantive argument on the merits, and instead opposes the constitutional challenge on procedural grounds. Without seeking a continuance, the government informs this Court through a footnote that it will share its position on the merits in a trial brief due over one week following its opposition brief deadline. Unless otherwise determined by this Court, however, the parties' deadlines are governed by the Local rules. Under Local Rule 430.1(f), the government's opposition brief was due June 12, 2026, seven days from when Mr. O'Brien's motion was filed on June 5, 2026. The government filed a timely opposition on June 9, 2026, and deliberately declined to raise any substantive argument. Because the government decided to set its own deadline without seeking authorization from this Court, any untimely argument on the merits may not be considered. *See* L.R. 430.1(f) ("No party will be entitled to be heard in opposition to a motion at oral argument if that party has not timely filed an opposition to the motion."). This is not the first time the government has failed to adhere to the response deadline governed by Local Rule 430.1(f). *See United States v. Anderson*, 6:25-po-00452-HBK, ECF No. 14, at 1 (government's motion requesting an untimely opposition be considered due to its "mistaken[] belie[f] regarding its deadline under the local rules).

**3. <u>This Court Should Exclude All Unlawfully Obtained Statements.</u>**

The admissibility of the statements relies on the well-established constitutional test. As reiterated by the Ninth Circuit, "*Miranda* conditioned the admissibility at trial of any custodial confession on warning a suspect of his rights: failure to give the prescribed warnings and obtain a waiver of rights before custodial questioning generally requires exclusion of any statements obtained." *Doody*, 649 F.3d at 1002 (quoting *Missouri v. Seibert*, 542 U.S. 600, 608, (2004)).

"For inculpatory statements made by a defendant during custodial interrogation to be admissible in evidence, the defendant's 'waiver of *Miranda* rights must be voluntary, knowing,

---

timestamps showing each was uploaded on the evening of the incident—April 28, 2025. This Court has previously instructed the government to ensure timely production. *United States v. Marsh*, No. 6:24-MJ-00092-HBK-1, 2024 WL 4667801, at *3 (E.D. Cal. Nov. 4, 2024) ("Although the Court finds that a dismissal with prejudice to be unwarranted in these circumstances, the Court would be remiss if it did not take this opportunity to both warn the government that further discovery violations will not be tolerated and to advise the government that it would be prudent to implement formal procedures for handling misdemeanor cases to avoid confusion and mismanagement in the future.").

and intelligent.'" *United States v. Garibay*, 143 F.3d 534, 536 (9th Cir. 1998) (citations omitted). Courts must presume that a defendant did not waive their constitutional rights, *see North Carolina v. Butler*, 441 U.S. 369, 373 (1979), and it is the government that bears the "heavy burden" of overcoming that presumption. *Miranda*, 384 U.S. at 475; *see also Colorado v. Connelly*, 479 U.S. 157, 168 (1986) (applying a preponderance-of-the-evidence standard). To satisfy that heavy burden, the government "must introduce sufficient evidence to establish that under the 'totality of the circumstances,' the defendant was aware of 'the nature of the right being abandoned and the consequences of the decision to abandon it.'" *Garibay*, 143 F.3d at 536-37 (quoting *Moran v. Burbine*, 475 U.S. 412, 421 (1986)).

## CONCLUSION

In light of the foregoing, Mr. O'Brien respectfully requests that all statements made by him to law enforcement officers be excluded unless they are shown to have been made in accordance with *Miranda*, 384 U.S. at 444. Because the government has failed to do so here, the statements should be excluded.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: June 17, 2026

*/s/ Lisa Ndembu Lumeya*
LISA N. LUMEYA
Assistant Federal Defender
Attorney for Defendant
JOHN A. O'BRIEN