ERIC GRANT
United States Attorney
JOSHUA BANISTER
Assistant United States Attorney
MISDEMEANOR UNIT
BRIANA M. VOLLMER
Law Enforcement Specialist (Rule 180)
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

John Anthony O'Brien,

Defendant.

CASE NO. 6:25-MJ-00015-HBK

**THE UNITIED STATES' TRIAL BRIEF**

DATE June 29, 2026
TIME: 9:00 a.m.
COURT: Hon. Helena M. Barch-Kuchta

## I. INTRODUCTION

This case involves a violation of 36 CFR 2.35 (c), being under the influence of alcohol in Yosemite National Park to a degree that may have endangered himself, others or damaged park resources. This case is set for trial on June 29, 2026. The United States hereby submits this trial brief, setting forth a short statement of facts, admissions and stipulations, summary of points of law, and a brief analysis of the government's proof.

## II. STATEMENT OF FACTS

On April 28th, 2025, Cathy Johnson, a Yosemite Hospitality Shuttle Bus Driver, found an unconscious man on her bus after returning to the cleaning station near the Valley Garage. Johnson yelled at the man and touched his leg in an effort to wake him up. She was unable to wake him and another Bus

Driver also failed to rouse him. Jeff Hunt, a third Yosemite Hospitality Employee, called Emergency Communications Center (Dispatch) to report the incident. Dispatch paged emergency medical resources to respond to an unresponsive male on a shuttle bus at the Valley Garage. Dispatch also requested Rangers respond. The location where this occurred was within the jurisdiction of Yosemite National Park.

On scene, Rangers were directed to the bus by Yosemite Hospitality Employees. They located the defendant, later identified as John O'Brien on bus that Johnson had been driving. O'Brien told Rangers he had consumed a "decent amount" of alcohol. Ranger Schulz reported that O'Brien "smelled heavily of alcoholic beverages." O'Brien handed his employee ID to Rangers after he was asked for his license, and he repeatedly tried to put his hands in his pockets after being told not to do so. After he was told he needed to exit the bus, O'Brien stood and walked unsteadily toward the door of the bus. O'Brien stood at a closed door for several seconds before being told that he needed to proceed to the front door of the bus, which was already open. Rangers had to assist O'Brien as he exited the shuttle bus to prevent him from falling and injuring himself.

Given the totality of the circumstances, Rangers determined there was probable cause for an arrest for being under the influence of alcohol to a degree that endangers oneself, others, or property within Yosemite National Park a violation of Title 36 Code of Federal Regulations 2.35(c).

## III. ADMISSIONS AND STIPULATIONS

There are no admissions or stipulations in this case.

## IV. APPLICABLE STATUTES, REGULATIONS, AND ELEMENTS

Title 36 Code of Federal Regulations Section 2.35(c) prohibits presence in a park area when under the influence of alcohol or a controlled substance to a degree that may endanger oneself or another person or damage property or park resources.

To prove the defendant guilty under Section 2.35(c), the government must prove, beyond a reasonable doubt, that:

(1) The defendant was under the influence of alcohol or a controlled substance.

(2) The defendant was under the influence to such a degree that the defendant may have endangered himself, another person or damaged property or park resources.

(3) The defendant's act occurred within the geographic boundaries of Yosemite National Park,

California. Yosemite National Park is an area of federally owned public land administered by the National Park Service. Yosemite National Park is an area of special maritime and territorial jurisdiction of the United States as defined by Title 18 United States Code Section 7(3): "Special maritime and territorial jurisdiction of the United States defined" and by Title 16 United States Code Section 57: "Yosemite and Sequoia National Parks; exclusive jurisdiction of the United States." Yosemite National Park is located within Mariposa, Madera, Mono and Tuolumne Counties, all of which are located within the Eastern District of California.

Here, the United States intends to call and rely upon the testimony of four witness(es) to prove the above elements beyond a reasonable doubt.

The United States will call **Yosemite Hospitality Employees Cathy Johnson and Jeff Hunt**. Mr. Hunt observed O'Brien on a shuttle bus when the bus pulled into the cleaning area near the Yosemite Valley Garage. O'Brien was out of sight of the driver, Ms. Johnson, but she immediately went to rouse him after being made aware of his presence. Mr. Hunt will testify that he heard Ms. Johnson yelling at O'Brien from outside the bus before he called Dispatch for assistance.

Ms. Johnson will testify that she was operating a Yosemite Transportation Shuttle Bus on April 28, 2025. She will further testify about her observations when she found the defendant on her bus after she completed shuttle service for the day and pulled into the cleaning station. Ms. Johnson will testify that she yelled at the defendant for approximately 1 minute while unsuccessfully trying to wake him. Ms. Johnson will testify that she smelled the odor of alcohol on O'Brien's breath. Ms. Johnson will also testify that she would have stopped the bus immediately if she had known the defendant was unconscious on the bus because of safety concerns. Ms. Johnson will further testify about the safety risks for unconscious and intoxicated passengers on the shuttle bus.

Additionally, the United States will call **US Park Ranger Philip Schulz and Supervisory Ranger Justin Fey.** Rangers Schulz and Fey were on patrol in Yosemite Valley on April 28, 2025, together and responded to the request for assistance at the Valley Garage. Rangers Schulz and Fey will testify, they boarded the bus together in single file and observed Ranger Michael Terry standing over O'Brien at the back of the bus. O'Brien appeared to be conscious by the time Fey and Schulz reached the back of the bus. Both Schulz and Fey witnessed O'Brien admit to drinking a "decent amount" of alcohol in response

to a question from Terry. Rangers Schulz and Fey will further testify they observed signs and symptoms consistent with alcohol intoxication. They will also testify regarding specific risks posed by O'Brien's level of intoxication on the shuttle bus. Specifically, O'Brien was not wearing a seatbelt while on the bus and Rangers assisted O'Brien as he stepped off the bus and walked near a wall because they believed he may fall and injure himself.

Ranger Schulz will also authenticate the body worn camera (BWC) which is marked as Government's Exhibit 1.

Lastly, all witnesses will testify that this incident occurred within the jurisdiction of Yosemite National Park.

## V. <u>THE ADMISSIBILITY OF THE DEFENDANT'S STATEMENTS</u>

The defendant filed an improper Motion In Limine and the government previously stated it would take up the issue in its trial brief. The government does not concede that the defendant was detained for purposes of *Miranda* while still on the bus. The government does agree that by the time the defendant was ordered to lean against the push bumper of a patrol vehicle and was surrounded by multiple Rangers, he was detained for purposes of Miranda at that point. Because at that point, the defendant was not *mirandized*, the government has no intention to use any statements made *after* that point in its case in chief. However, the government, should the defendant elect to testify in his own defense, the government does reserve the right to use those statements for impeachment purposes.

With respect to interactions that occurred on the bus, the defendant overlooks the fact that he had no right to be on the bus in the first place. The bus was out of operation; the defendant was unconscious out of the line of sight of the bus driver. Moreover, the bus was parked near the Yosemite Valley Garage, a non-public area. The standard for whether or not a detention occurred is whether a reasonable person under a totality of the circumstances would have felt free to leave. The defendant was free to leave, he lacked the ability. In a scenario where the defendant had been conscious and responsive and had simply missed the last stop such that the bus returned to the Valley Garage, the defendant would have been only obligated to get off the bus. Because the defendant was unconscious and unresponsive, the Rangers had to assist the defendant to ensure he exited the bus without injuring himself.

Further, even if the Rangers actions in escorting the defendant off the bus could be construed as a

detention, the defendant's statement in question regarding the amount of alcohol he had consumed had already occurred. When the rangers asked the defendant about his alcohol consumption he was not detained and the defendant cites no fact to the contrary at that point in the encounter. Additionally, that question was precipitated by a concern for the defendant's safety given his unresponsiveness and the rangers need to determine whether medical personnel needed to be called. The query was not an interrogation at that point.

CONCLUSION

Therefore, the evidence will show that the defendant is guilty beyond a reasonable doubt of violating 36 Code of Federal Regulations 2.35(c).

DATED: June 22, 2026 Respectfully Submitted,

ERIC GRANT
United States Attorney

*/s/ Joshua Banister*
JOSHUA BANISTER
Assistant United States Attorney

*/s/ Briana M. Vollmer*
BRIANA M. Vollmer
Law Enforcement Specialist (Rule 180)